Curia, per
Nott, J.
We have no act expressly authorizing books of account of any description to be re- *77 eeived as evidence of the entries which they contain when accompanied with the oath of the party. Our act recognizes a custom as having prevailed of admitting such evidence from necessity and recognizes it as having become law from long usage; and we usually refer to that act for the description of cases in which such evidence is to be admitted. The persons spoken of are merchants, traders, and handicraftsmen; the provisions of the act relate to shop books, merchants accounts, and accounts for work done. In the construction of this act, our courts have extended the rule to other cases where the same necessity exists and which seem to come within the spirit, though not within the letter of the act. It has therefore been extended to millers who saw and sell lumber, Darby and Farrow, 1 M’Cord 617, and to a printer for advertising, 1 Nott and M’Cord 186, Thomas vs. Dyott. I think that was giving to the law a very liberal construction, and in the case of Richards vs. Howard, 2 Do. 474, the court appear somewhat dissatisfied with that decision, and imposed a restriction which goes very far to narrow the effect of it, by requiring the printer to produce his file to shew that the work was actually performed.— In the case of the administratoi-s of Thomas Lynch ads. E. Petrie, it was decided that the books of a bricklayer or other mechanic were admissable to prove the performance of a particular job of work in the course of his trade, and articles furnished ; but that the articles must be specified, and that a general charge for woi-k and labor was not good. I do not myself very distinctly see the reason of the distinction made in that case; for work and labor may be performed by a person without furnishing materials. Howevei-, I think it is a strong casé against the present application. In the case of Fraser vs. Drayton, 2 Nott and M‘Cord 471, it was held that the books of a ferryman were admissible to prove an account of fer- *78 riage. It will be somewhat difficult, perhaps, to distinguish that case from this. But, I believe, the judges who made that decision, have never been satisfied with it. The keepers of ferries are not in the habit usually of giving credit. It-is a privilege which can only be allowed to immediate neighbours; and then they ought to be considered as having trusted to their honour and not to rely on book entries for proof of their accounts, and that observation will apply more strongly, to the case now under consideration. . It is also very questionable whether the consideration is such as. will support a contract. It would be giving encouragement to schools of vice and immorality to suffer such books to be evidence. It is said in the case of Herlock vs. Riser, 1 M‘Cord 481, that the question cannot be affected by considerations of policy or morality. But that was the case of a shop keeper. It came directly within the purview of the act, and although the charges were principally for whiskey which may be used to a vicious extent, yet there is nothing immoral in the selling of whiskey; and although the privilege may be abused, it cannot alter the nature of the evidence by which the fact is to be proved. The plaintiff in this action is not a shop-keeper, merchant, handicraftsman, or mechanic, nor can the case be brought within the description of any of those in which books of entries have been allowed. The action is not for articles of any kind sold or delivered, services rendered, or for work and labor. And if these books are to be allowed, I do not see why the books of showmen, rope-dancers, and gamblers of every description may not be admitted. I think therefore that the opinion of the Recorder must be supported. Admitting a party to be a witness in his own cause, is under any circumstances a dangerous innovation on the principles of the common law, and ought not to be suffered except in cases of necessity, and then only when *79 its object is to promote some general good. This case is not one of that description, and the motion therefore must be refused.

Motionrefused.